UNITED STATES *v.* BRYANT & BEINECKE (No. 2007). UNITED STATES *v.* RILEY Co. (No. 2008).[1]

1. CONSTRUCTION, PARAGRAPH 252, TARIFF ACT OF 1913—"COTTON CLOTH" * * * , "COLORED," AND "NOT * * * COLORED."

   Cotton cloth, to be dutiable under paragraph 252, tariff act of 1913, as "cotton cloth * * * colored," within the rule of Seeberger *v.* Schlesinger (152 U. S. 587), must have colored yarns or threads, which form a necessary and *substantial* part of the article. Unbleached cotton duck or canvas, about 28½ to 30½ inches wide, having a single blue warp thread equally visible on both surfaces and running lengthwise of the fabric about an inch from each edge, the blue thread serving only for a marginal guide in making up the fabric and not affecting the cloth either as to price, strength, or embellishment, is to be classified under this paragraph as not colored.

United States Court of Customs Appeals. March 24, 1920.

APPEALS from Board of United States General Appraisers, G. A. 8293 (T. D. 38146).

[Affirmed.]

Bert Hanson, Assistant Attorney General (*Martin T. Baldwin.* special attorney, of counsel), for the United States.

Frank L. Lawrence in No. 2007, and *Frank A. Page* in No. 2008, for appellees.

---

[1] T. D. 38355 (38 Treas. Dec., 269).

[Oral argument Feb. 24, 1920, by Mr. Baldwin.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The subject of controversy in these two cases is unbleached cotton duck or canvas of a width of about 28½ inches to 30½ inches, having a single blue warp thread running lengthwise of the fabric about 1 inch from each side, which blue thread is equally visible on both sides.

The collector assessed the merchandise as cotton cloth, colored, under paragraph 252 of the tariff act of 1913. The importers claim it dutiable under the provisions of the same paragraph as cotton cloth, not colored.

The evidence, which is undisputed, is to the effect that the two colored warp threads were not introduced into this fabric for embellishment or ornamentation, but solely and merely as a helpful marginal guide line for operators in overlapping and sewing the widths together in making sails, tents, wagon covers, tarpaulins, etc., for which duck with such colored lines is used almost exclusively; that the threads are not necessarily apparent in the canvas after being sewn together, as they may be obliterated by the stitching; that they are not a necessary part of the fabric, as they could be removed without appreciably impairing the integrity of it; that the colored threads are trivial in character and value, the cost of the duck being the same with or without them; and that they represent and cover an insignificant part of the surface area of the fabric.

The board sustained the contention of the importer, and directed a reliquidation. The Government appeals.

The board reviews the decisions at considerable length, beginning with the case of G. A. 4997, which was one of the very early cases on this subject. In that case the board had before it bags made of single jute yarns, which were claimed by the importer to be dutiable under a provision for bags or sacks made from plain woven fabrics of single jute yarns not dyed, colored, stained, painted, printed, or bleached etc. The board found, from an examination of the exhibits, that they varied in width from 20 to 44 inches in dimensions and were composed of single jute yarns; that running with and constituting the entire warp for the bags for the distance of three-fourths of an inch on each side thereof were two colored strips, each of six red and three blue jute yarns; that the colored jute yarns making these strips contributed to the formation of the fabric and were a necessary, substantial, and integral part thereof, and without these the fabric would be worthless for its intended use; and that of the whole bag, which was 20 inches wide, 1½ inches, or 7½ per cent of the warp, was entirely of colored threads. The board held that this fabric was colored, within the meaning of the statute, and could

not be said to be classifiable under the provisions for bags, sacks, etc., not dyed, colored, stained, etc.

The principle upon which the case was decided was quoted from Seeberger *v.* Schlesinger (152 U. S., 587). The portion quoted was as follows:

* * * And in view of the fact that while the metal is not the component of chief value, it is a substantial part of the finished glass, and the framework upon which the lenses and shell are mounted, we think these article should be classed as manufactures of metal. We do not wish to be understood as holding that if the metal be a mere incident or immaterial part of the completed article as, for instance, the screws or knobs upon an article of houshold furniture or the buttons upon an article of clothing, such articles should be classified as manufactures in part of metal; but where, as in this case, they form a necessary and substantial part of the article, we think this clause should determine their classification.

That case was followed in the later case, T. D. 25599, G. A. 5795, which involved an interpretation of the statute of 1897, which presented a case very similar in its facts to the present case, except that the cloth was not as wide as that involved in this case and ranged from 16 to 20 inches, but had a single colored thread running near the edge of the two sides  That case would not be easily distinguishable from this except for the fact that it appeared to rest in part upon the case of Johnson *v.* United States (123 Fed. Rep., 997), which case is said by the board to have held that a single thread woven into a fabric constituted a color within the language of the tariff act, and that the question arose in the case under the tariff act of 1897 as to whether or not the merchandise contained two or more colors in the filling, the board saying:

The courts and this board have in frequent cases held that cotton cloths, when containing colored threads in different forms of stripes, checks, or otherwise, were dutiable as colored cotton cloth. Thus in G. A. 3517 (T. D. 17255), this board said:

"The board has uniformly held that cotton cloths, when containing colored threads in the different forms of figures—stripes, checks, or otherwise—and whether covering much or little of the surface of the fabric, were dutiable under the tariff provisions for colored cotton cloth. * * *."

But the brief of the Government states that in the Johnson case the colored thread extended across the back of the cloth at intervals of one-half inch; that it did not appear at all on the face of the fabric, and did not contribute in any way to the appearance, strength, or stability of the fabric or to its value for the uses indicated. These facts are hardly to be gathered from the opinion. Doubtless Government's counsel have further information. In that case the facts were that the threads were shown by testimony to have been known as threads of the filling, and the court held that if the decision of the board is to be construed as holding that these fabrics are not goods containing two or more colors in the filling  their finding is unsupported by the evidence. It appears, however, to have been

stated by the court that it did not appear that the threads participated in the effective work of the filling. It leaves the real facts of the case a little obscure, but the language of the statute there construed specifically defined goods containing two or more colors in the filling, and the court held that where these threads entered into the filling and actually contained two or more colors, they were within the literal language of the statute.

The question in this case is quite different. Whether we would be prepared to follow the Johnson case it is therefore not necessary to determine.

In the present case the distinction made by the statute is between colored cotton cloth and cotton cloth not colored. It is quite clear that if cotton cloth is colored to an extent that brings it within the rule laid down in the Seeberger case, it would fall within the terms of the statute for colored cotton cloth. But in order to bring it within the Seeberger case it must be cloth having colored yarns or threads which form a necessary and *substantial* part of the article. The finding of the board in the case holds that such is not the fact in the present case.

Reference is made to other decisions of the board and the rule of congressional adoption is claimed. But a great deal of the force of this suggestion is taken away when we compare the present statute with that of 1909, which contained a provision, in paragraph 320, as follows:

* * * The terms bleached, dyed, colored, stained, mercerized, painted, or printed, wherever applied to cotton cloth in this schedule, shall be taken to mean respectively all cotton cloth which either wholly or in part has been subjected to any of these processes, or which has any bleached, dyed, colored, stained, mercerized, painted, or printed threads in or upon any part of the fabric.

Under this provision, a question quite similar to that involved in the Johnson case, supra, would be presented. For under that statute, the question presented in the Johnson case is whether there were present colored threads in the fill, and the statute of 1909 declares that any cotton cloth "which has any dyed, colored, stained, mercerized, painted, or printed threads in or upon any part of the fabric shall be deemed colored." It is a very significant fact that in the act of 1913 this provision of the act of 1909 was eliminated, and we are left, therefore, with the question as to whether the cotton cloth involved in this case is in a substantial way colored. We think not. The colored thread is an insignificant part. It is inserted for an aid in making tents, and so forth. It is not intended to add strength to the article nor to be of any other substantial use. Anyone looking at a piece would at once see that the thread is neither intended to give added strength nor to embellish the goods, but had a peculiar use relating to the process of manufacture into goods.

We can not think that it was such an article as this that was aimed at by the provision for colored cotton cloth, or that it was intended to be excluded from a provision for cloth not colored. Decision affirmed.

De Vries, Judge, dissents.