(C. D. 989)

C. R. Daniels, Inc. *v.* United States

United States Customs Court, Second Division

(Decided March 7, 1946)

*John D. Rode* (*Jacob L. Klingaman* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh* and *Herbert M. Rosenberg*, special attorneys), for the defendant.

Before TILSON, KINCHELOE, and LAWRENCE, Judges

KINCHELOE, Judge: The merchandise here in controversy consists of cotton cloth known as duck or canvas. It was assessed for duty under paragraph 904 (c) of the Tariff Act of 1930 as cotton cloth, colored, according to the average yarn number, and is claimed to be dutiable under paragraph 904 (a) thereof as cotton cloth, not colored. By agreement of counsel all these six protests were consolidated for trial.

Sample pieces of the involved merchandise taken out of four of the importations have been introduced in evidence by the plaintiff as exhibits 1, 2, 3, and 4, and it was agreed between counsel that they also represent the merchandise in the rest of the importations. All of said exhibits show a blue-colored stripe or line running lengthwise the fabric one and one-fourth inches from each selvage border or edge, which stripe is shown to be composed of six warp threads. The rest of the cloth is unbleached, and, according to the report filed herein of the U. S. customs laboratory at New York, the unbleached threads in the cloth have a yarn size of 7 and are of three ply, while the blue threads have a yarn size of 14 and are of two ply. It is further shown that the character of the cloth and the construction and character of the blue stripe therein are identical in all of these suits, except as to the width of the cloth, which in the case of protests 100217–K, 100438–K, and 100951–K, is shown to be 36 inches, and in protests 99883–K, 100114–K, and 100333–K is shown to be 42 and 72 inches.

According to the testimony of Edward A. Trumpbour, vice president of the plaintiff company, the only purpose of the colored stripe in the cloth "is merely so that when they lay two cloths together and they overlap them this way (indicating), that you have a sort of a guide to help the operator with the sewing machine to keep it on a straight line." He further stated that they use the duck in making truck covers, gun covers, tents, canvas bags of all descriptions, tool rolls, all kinds of marine canvas work for outfitting destroyers, cruisers, battleships, PT boats, and practically everything that goes into the war effort, and that for those uses there is no other way of using the canvas except to overlap it and sew it together (R. 10/11). Also, that in producing covers it is always customary to overlap the

sewing; that the colored threads add no additional strength to the fabric and are only one-sixteenth of an inch wide, while the width of the cloth is 36, 42, and 72 inches wide. The witness also stated that he uses cloth without the colored stripe in making barber's coats and jackets, etc., and can use one as well as the other, and that the purchase price of each is the same.

In the case of *United States* v. *Bryant & Beinecke*, 10 Ct. Cust. Appls. 79, T. D. 38355, upon which the plaintiff relies, the merchandise was exactly of the same character of cloth as in the present case, and the evidence therein is practically the same as in the instant case, but the widths of the cloth were only 28½ and 30½ inches, while the widths of the cloth in the present case are 36, 42, and 72 inches, the width of the colored stripe being one-sixteenth of an inch. In the *Bryant* case, *supra*, our appellate court held that the cloth was not colored.

The defendant's counsel in this case relies upon the cases of *Balfour, Williamson & Co.* v. *United States*, 11 Ct. Cust. Appls. 368, T. D. 39161, and *Bemis Bro. Bag Co.* v. *United States*, 11 id. 373, T. D. 39162, which are identical. We have carefully considered both of those cases, and are of the opinion that the *Bryant* case, *supra*, is more in point. The material in those cases consisted of woven fabrics of single jute yarns, which was a different article than that in controversy in the *Bryant* case, *supra*, which we have said is the same kind of merchandise as in the instant case. Also in the *Bemis Bro.* case, *supra*, the evidence showed that "the stripes serve the purpose of identifying the goods to the trade as padding." This is not true in the instant case. If the small line in the merchandise in the instant case is used solely as a guide to the manufacturer of same into the product intended—and this is not contradicted—and the lined and unlined both cost the same, why is it that the lined cloth should bear a higher rate of duty? Moreover, the *Balfour* and the *Bemis Bro.* cases, *supra*, did not overrule the *Bryant* case, *supra*, and the appellate court in the said *Bemis Bro.* case specifically said so in the following language:

The case of United States *v.* Bryant & Beinecke (10 Ct. Cust. Appls. 79; T. D. 38355) is relied upon by the importer as authority for its claim. In that case this court dealt with unbleached cotton duck or canvas about 30 inches wide having a single blue mark thread running lengthwise of the fabric about an inch from each side, the thread being equally visible on both sides. It was found that these threads were introduced into the fabric solely and merely as a helpful guide line for operators in overlapping and sewing the widths together in making sails, tents, wagon covers, tarpaulins, etc., for which duck with such colored lines is used almost exclusively; that the threads were not necessarily apparent in the canvas after being sewn together, as they might be obliterated by the stitching; that they were not a necessary part of the fabric, as they could be removed without appreciably impairing the integrity of it; that they were trivial in character and value, the cost of the duck being the same with or without them; and that they represented and covered but an insignificant part of the surface area of the fabric. This court

sustained the board in holding that the cloth thus described was not dutiable under the provision for colored cloth, and we think that the decision was plainly justified under the general principles above expressed, since the single colored thread in question was found to be an insignificant and not a substantial element in the fabric as imported. We can not see any inconsistency between the foregoing decision and that reached by us in the instant case.

Also in the *Balfour* case, *supra*, the court, in referring to the *Bryant* case, *supra*, made the following statement:

> In the former decision [Bemis Bro. case, *supra*] we referred to the case of United States *v.* Bryant & Beinecke, supra, upon which the appellants rely in part in the present case, and indicated that if the goods therein involved be carefully considered, the conclusion reached in that case will be found to be consistent with this.

This and our appellate court have decided many cases arising under the various tariff provisions as to whether certain imported goods came within the enumeration of colored fabrics or not, and in practically every case it was held that the question of whether it was colored or not colored was one of fact in each case before the court.

After careful consideration of all the evidence in this case, including the testimony of defendant's witness, Examiner August Christ, and a thorough examination of the exhibits, we are of the opinion that the stripes in the instant merchandise were put there solely for the purpose of assisting in the sewing of same, that they add no additional strength to the fabric, and seem to be only about one-sixteenth of an inch in width, while the cloth is 36, 42, and 72 inches wide. It furthermore appears that the cloth with the stripes costs no more than the same character of merchandise without the stripes.

In view of this, we are of opinion, and so hold, that the colored threads are an insignificant part of the article, and, as we have said, were inserted solely for the purpose of aiding in the sewing of the cloth; that they are not intended to add additional strength to the article or to embellish it in any way, and are so inconsequential, that the cloth is not colored within the purview of the law.

All of the protests are therefore hereby sustained. Judgment will be rendered accordingly.